IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:11-cr-0004-01** |
| **v.** | ) | |
| | ) | |
| **GILLIAN HARPER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER[1]**

**BEFORE THE COURT** are the following *pro se* motions filed by Defendant Gillian Harper ("Harper" or "Defendant"):

1.  Defendant's Motion for Review of Sentence under 18 U.S.C. § 3742(a)(2), filed on September 6, 2016. (ECF No. 224);

2.  Defendant's First Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody, filed on March 29, 2018. (ECF No. 237); and

3.  Defendant's Second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody, filed on June 25, 2020. (ECF No. 274).

Magistrate Judge George W. Cannon, Jr. issued a Report and Recommendation ("R&R 1") on February 8, 2020, recommending, *inter alia,* that Harper's section 3742 and first section 2255 motions be denied. *See* ECF No. 271. Magistrate Judge George W. Cannon, Jr. issued a second Report and Recommendation ("R&R 2") on June 29, 2020, recommending, *inter alia,* that Harper's second section 2255 motion be denied. *See* ECF No. 277. The Court, having conducted a de novo review of the record and having made an independent determination finding no error, will adopt R&R 1 and R&R 2.[2] Accordingly, it is hereby

---

[1] Due to the retirement of the judge previously assigned to this case, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

[2] *See Hill v. Barnacle*, 655 Fed. Appx. 142, 148 (3d Cir. 2016) (opining that the district court is not required to make separate findings or conclusions when reviewing a Magistrate Judge's report and recommendation de novo under 28 U.SC. § 636(b)) (citing *Elmendorf Grafica, Inc. v. D.S. America, Inc.*, 48 F.3d 46, 49-50 (1st Cir. 1995) (opining that "[28 U.S.C. § 636(b)] authorizes the district court to adopt in whole as well as in part the

*United States v. Harper*
Case No. 1:11-cr-0004-01
Order
Page **2** of **2**

**ORDERED** that the Magistrate Judge's First Report and Recommendation, ECF No. 271, is **APPROVED** and **ADOPTED** as an Order of this Court as if fully set forth herein; it is further

**ORDERED** that the Magistrate Judge's Second Report and Recommendation, ECF No. 277, is **APPROVED** and **ADOPTED** as an Order of this Court as if fully set forth herein; it is further

**ORDERED** that Defendant's Motion for Review of Sentence under 18 U.S.C. § 3742(a)(2), filed on September 6, 2016, ECF No. 224, is **DENIED;** it is further

**ORDERED** that Defendant's First *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on filed on March 29, 2018, ECF No. 237, is **DENIED;** it is further

**ORDERED** that Defendant's Second *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on June 25, 2020, ECF No. 274, is **DENIED;** it is further

**ORDERED** that a certificate of appealability is **DENIED;** it is further

**ORDERED** that a copy of this Order shall be served on Gillian Harper by certified mail return receipt requested and that a copy of the return receipt shall be filed on the docket; and it is further

**ORDERED** that a copy of this Order shall be docketed in the companion civil case of *Harper v. United States*, Case No. 1:18-cv-0009.[3]

**Dated:** April 1, 2026                    */s/ Robert A. Molloy*
                                            **ROBERT A. MOLLOY**
                                            **Chief Judge**

---

proposed findings and recommendations of the magistrate judge. Where, as here, the magistrate judge decided on an undisputed factual record, the district court was certainly not required to rehash the magistrate judge's reasoning. The role of the magistrate judge is 'to relieve courts of unnecessary work.'") (citations omitted).

[3] The companion civil case was terminated prematurely in error on March 29, 2018. Accordingly, the Court need not direct the Clerk of Court close that case at this time.